UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ROSS GROUP CONSTRUCTION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-CV-0246-CVE-FHM ) |
| RIGGS CONTRACTING, INC., d/b/a RIGGS CONTRACTING CONCRETE SPECIALISTS, and SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Now before the Court are defendants Riggs Contracting, Inc. (Riggs) and Safeco Insurance Company of America's (Safeco) motion to reconsider (Dkt. # 33) and motion to vacate order (Dkt. # 34).[1] Plaintiff The Ross Group Construction Corporation (Ross) and defendants both filed motions for summary judgment (Dkt. ## 23, 24) asserting that the term "mutually agreeable" in a construction contract entered into by Ross and Riggs was unambiguous. Ross asserted that there was a mutually agreed construction schedule that Ross could change at will, and that Riggs was not entitled to ask for additional compensation when the schedule was delayed. Dkt. # 23. Riggs argued that the term "mutually agreeable" clearly meant that Ross could not change the construction schedule without Riggs' consent and that, because Riggs did not agree to a revised schedule once

---

[1] Riggs and Safeco filed the motion to vacate order and motion to reconsider as a single document entitled Defendants' Motion to Reconsider and Vacate the Court's November 14, 2012 Opinion and Order, Together with Legal Authorities, but it was converted to two separate docket entries (Dkt. ## 33, 34) in CM/ECF. Therefore, the Court will refer to both docket entries as "the motion."

delays made adherence to the original schedule impossible, Riggs was not required to perform under the subcontract. Dkt. # 24. On November 14, 2012, the Court denied Riggs and Safeco's motion for summary judgment and granted in part and denied in part Ross' motion for summary judgment. Dkt. # 31. The Court found that mutually agreeable was unambiguous and that Riggs was required to proceed only under a "mutually agreeable" construction schedule. Id. at 10. The Court also found that Riggs breached the subcontract when it refused to complete the work defined in the subcontract unless it received requested additional compensation. Id. at 13. Finally, the Court found that there was a genuine dispute regarding the amount of damages to which Ross was entitled, and Ross' motion as to the amount of damages was denied. Id. at 14.

Riggs and Safeco state that "[t]he Court correctly held that Riggs was required to proceed only under a mutually agreeable construction schedule, agreed to by both Riggs and Ross, and not thereafter altered by Ross alone." Dkt. # 33, at 4 (internal quotation marks omitted). However, Riggs and Safeco argue that the Court erred in finding that Riggs breached the subcontract when it declined to perform absent additional compensation. Id. at 5. Riggs and Safeco assert five arguments as to why denying Riggs and Safeco's motion for summary judgment was error, all of which were included in Riggs and Safeco's motion for summary judgment. Id. at 10, 18, 21, 23-24.

The Court treats Riggs and Safeco's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Riggs and Safeco's motion does not address the appropriate standard of review for a motion to reconsider, but Riggs and Safeco's motion implies that the Court should reconsider its opinion and order under a de novo standard. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend

judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review defendant's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Riggs and Safeco do not cite an intervening change in the law or new evidence that was previously unavailable. Instead, Riggs and Safeco state that the "purpose of [the] motion is to point out several instances in which Riggs believes the Court may have misunderstood the evidence or misconstrued the contract documents, and to emphasize the legal 'remedy' to which Riggs was entitled because of the unreasonably prolonged postponement of the subcontract work." Dkt. # 33, at 4. Riggs and Safeco's motion simply asks the Court to reconsider arguments that have been considered and rejected. This is not a basis for a motion to reconsider, and, in any event, the Court did not misunderstand Riggs and Safeco's arguments. The term "mutually agreeable" is not

ambiguous, and, reading the subcontract as a whole, Riggs was not justified in requiring an additional payment prior to performance.  As noted by Riggs and Safeco, defendants' arguments were fully argued in prior motions, and the arguments were addressed in the Court's opinion and order denying Riggs and Safeco's motion for summary judgment.  Therefore, Riggs and Safeco's motion to reconsider and motion to vacate should be denied.

**IT IS THEREFORE ORDERED** that defendants Riggs and Safeco's motion to reconsider (Dkt. # 33) and motion to vacate order (Dkt. # 34) are **denied**.

**DATED** this 2nd day of January, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE