UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ROSS GROUP CONSTRUCTION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-CV-0246-CVE-FHM ) |
| RIGGS CONTRACTING, INC., d/b/a RIGGS CONTRACTING CONCRETE SPECIALISTS, and SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff The Ross Group Construction Corporation's unopposed motion for leave to amend its complaint. Dkt. # 36. Plaintiff seeks leave to amend the amount of damages claimed and to withdraw its jury trial demand. Id. at 2. Plaintiff states that the proposed amendment would correct a mathematical error with regard to the completion costs of the project at issue, as well as include a recently discovered invoice paid to a supplier. Id. Further, plaintiff states that the amendment will not add any new claims or join any additional parties. Id. Although plaintiff represents that the motion is unopposed, plaintiff notes that defendants Riggs Contracting, Inc. and Safeco Insurance Company of America do not intend to waive jury trial. Id. n.1.

The complaint was filed on April 27, 2012 (Dkt. # 2), and, on July 18, 2012, a scheduling order was entered setting the deadline to amend the complaint on October 15, 2012. Dkt. # 21. Thereafter, plaintiff and defendants both filed motions for summary judgment. Dkt. ## 23, 24. The Court granted in part and denied in part plaintiff's motion for summary judgment and denied defendants' motion for summary judgment. Dkt. # 21. Thereafter, defendant filed a motion to

reconsider and vacate the order (Dkt. ## 33, 34), which was denied (Dkt. # 35). Plaintiff filed this motion on January 9, 2013, which is nearly three months past the deadline for amending the complaint. Dkt. # 36. Jury trial is set for February 19, 2013. Dkt. # 21.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given "when justice so requires." Plaintiff's first request is that it be allowed to amend the amount of damages claimed. However, the parties have yet to submit a proposed pretrial order. The pretrial order can contain what plaintiff wishes to amend. The pretrial order will supersede the pleadings and control the subsequent course of litigation. Fed. R. Civ. P. 16(e); see Hullman v. Bd. of Trs. of Pratt Cmty. Coll., 950 F.2d 665, 668 (10th Cir. 1991). Further, the Tenth Circuit "permits a post-judgment amendment of a pretrial order to conform to the evidence if an issue has been tried with the express or implied consent of the parties and not over objection." Hardin v. Manitowoc-Forsyth Corp., 691 F.2d 449, 456 (10th Cir. 1982) (citation omitted); Fed. R. Civ. P. 15(b) ("A party may move–at any time, even after judgment–to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.") Plaintiff represents that defendants do not object to the relief it requests in its motion (Dkt. # 36, at 2), so it is unlikely that defendants will object to the same amendment's inclusion in the pretrial order or at trial. Finally, as previously noted, plaintiff's request is clearly untimely, and plaintiff proffers absolutely no reason why "justice requires" that it be allowed leave to amend its complaint. Therefore, the Court finds that plaintiff's motion should be denied as to the amendment of the complaint.

Plaintiff's second request is that it be allowed to withdraw its jury trial demand. Plaintiff states, however, that defendants "do not intend to waive jury trial on the issue of damages." Dkt.

# 36, at 2 n.1.  The only issue remaining for trial is the issue of damages.  See Dkt. # 31, at 14. Pursuant to Fed. R. Civ. P. 39(b), "the court may . . . order a jury trial on any issue for which a jury might have been demanded."  Plaintiff states no reason for its untimely request, and the Court finds that plaintiff's motion for leave to amend to withdraw its jury trial demand should be denied.

**IT IS THEREFORE ORDERED** that plaintiff The Ross Group Construction Corporation's unopposed motion for leave to amend its complaint (Dkt. # 36) is **denied**.

**DATED** this 10th day of January, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE