**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

THE ROSS GROUP CONSTRUCTION
CORPORATION,

              Plaintiff,

vs.

RIGGS CONTRACTING, INC. d/b/a
RIGGS CONTRACTING CONCRETE
SPECIALISTS, and SAFECO
INSURANCE COMPANY OF AMERICA,

              Defendants.

Case No.12-CV-246-CVE-FHM

**CORRECTED**[1]
**REPORT AND RECOMMENDATION**

      The Post-Judgment Motion and Application of the Defendant, Riggs Contacting,
Inc., For an Award of Attorney Fees and Expenses Against the Plaintiff, Ross Group
Construction Corporation, [Dkt. 68], has been referred to the undersigned United States
Magistrate Judge for report and recommendation.  The matter has been fully briefed and
the matter is ripe for determination.

      Plaintiff sued Defendant for breach of a construction contract and an action on a
performance bond.  [Dkt. 2].  The Court granted in part and denied in part Plaintiff's
summary judgment motion.  The Court found that Defendant breached the contract, but
determined that there was a genuine dispute regarding damages.  [Dkt. 31, p. 14].  The
question of damages was tried to a jury.  The questions presented to the jury were the
amount of damages, if any, suffered by Plaintiff as a result of the breach of contract and

---

[1] The original report and recommendation, filed July 25, 2013, stated that objections must be filed
on or before August 1, 2013.  This corrected report and recommendation reflects the correct due date for
objections based on the original filing date of July 25, 2013.

whether Plaintiff could have reasonably avoided any damages.  [Dkt. 63, p. 3].  The jury

returned a verdict for Defendant.  [Dkt. 64].  Judgment was entered in favor of Defendant

and against Plaintiff.  [Dkt. 67].

Pursuant to a contract provision[2] under which the parties agreed that the prevailing

party in any litigation between the parties would be entitled to attorney fees and expenses,

Defendant seeks an award in the total amount of $114,120.82 for attorney fees and

litigation related expenses.  Plaintiff has made no objection to the hourly rate, the number

of hours sought, the amount of expenses, the source of the expenses, or the overall

amount of the request.  Plaintiff's only objection is that Defendant does not qualify as a

prevailing party so as to be entitled to any attorney fees or expenses.  Rather, since the

Court found that Defendant was in breach of the contract, Plaintiff asserts that neither party

is a "prevailing party."

There is no merit to Plaintiff's assertion that Defendant is not the prevailing party.

To prevail on a claim for breach of contract, the plaintiff must prove the following elements:

1) formation of a contract between the plaintiff and defendant; 2) that defendant breached

the contract; **and** 3) plaintiff suffered damages as a result of the breach.  *Vernon's Okla.*

---

[2] The contract provision provides:

ARTICLE XV. ATTORNEYS' FEES AND EXPENSES: If any proceeding shall be prosecuted, in court or in arbitration, by either party to enforce this Subcontract or to obtain money or other relief on account of the breach or non-performance of any obligation arising from this Subcontract, then in addition to any other relief or recovery, the prevailing party shall be entitled to recover all of the fees and expense of its attorneys and any other expenses incurred in the prosecution of the proceeding.

[Dkt. 68, p. 2].

2

*Forms 2d,* OUJI-CIV 23.1 (2012 ed.)(elements of a claim for breach of contract).[3]  It is necessary to establish all three elements to prevail on a breach of contract claim.  Plaintiff did not prove damages and therefore under Oklahoma law is not the prevailing party on the breach of contract claim.  Defendant, having successfully defended against Plaintiff's claim of damages, and having received judgment in its favor is the prevailing party.  Under the contract between the parties, Defendant is entitled to recover the attorney fees and expenses expended in this lawsuit.

This case is unlike *NGL Supply Wholesale v. Crown Gas of Sauk Centre, Inc.*, 2011 WL 3369140 (N.D. Okla.) which was cited by Plaintiff in support of its argument that neither party prevailed in the instant case.  In *NGL Supply* plaintiff sued for breach of contract for the sale of propane.  The matter was tried to a jury which rendered a verdict in favor of the plaintiff and against the defendant, but awarded zero dollars in damages.  The parties jointly approved and submitted a journal entry and <u>judgment in favor of the plaintiff</u>.  The defendant did not request the court to enter a judgment notwithstanding the verdict in its favor.  Fees were sought by both parties under 12 Okla. Stat. § 936, which provides for an award of a reasonable attorney fee to the prevailing party in a civil action to recover for labor or services rendered.  Plaintiff was denied fees on the basis that it clearly failed to prove an element of its claim–damages.  Defendant was denied fees partially on the basis that it joined with plaintiff in requesting the court to enter judgment in the plaintiff's favor.

---

[3] The parties agree, and the contract between them provides, that Oklahoma law is applicable to their dispute.

3

The court noted that under §936 only one party can be the prevailing party[4] and, citing *Arkla Energy Resources v. Roye Reality*, 9 F.3d 855, 866 (10th Cir. 1993), determined that neither party was a "prevailing party" where both parties successfully defended against major claims by the other.

The attorney fee request in *Arkla Energy* was also based on 12 Okla. Stat. §936. The district court held that the defendant had breached an agreement to deliver gas and had offered to cure its breach, but the plaintiff had wrongfully rejected the offer to cure and was thus entitled to no damages for the breach. *Arkla*, 9 F.3d at 860. The trial court entered judgment in favor of the plaintiff on defendant's claims and also entered judgment in favor of the defendant on plaintiff's claims–neither side received an affirmative judgment against the other. *Id*. at 866. Defendant applied for an award of attorney fees as prevailing party. The trial court denied the application for fees. The court relied on an Oregon case that held if neither or both parties prevailed, there should not be an award to the prevailing party, even though such an award is mandatory. *Id*. at 865. The Tenth Circuit held that the trial court did not abuse its discretion under these circumstances by concluding that neither party was a prevailing party. *Id*. at 866.

Neither *NGL* nor *Arkla Energy* compels the result Plaintiff seeks--that no fees be awarded because neither party can be considered a prevailing party. In *NGL* judgment

---

[4] There are exceptions to the one prevailing party rule. Where a plaintiff sues for damages and a defendant counterclaims for damages, both parties may be awarded money damages at the end of the case. In such an instance there may be two prevailing parties with costs and fees awarded to each. *See e.g. Midwest Livestock Supply, Inc. v. Lashley*, 967 P.2d 1197, 1199 (Okla. 1998); *Welling v. Am. Roofing & Sheet Metal* Co., 617 P.2d 206, 210 (Okla. 1980). *See also Murray v. First Marine Ins. Co.*, 29 Fed. Appx. 503, 510 (10th Cir. 2002)(discussing Oklahoma law on fees to prevailing parties and finding defendant insurance company could not be prevailing party due to success on some claims by way of summary judgment when defendant was not awarded affirmative judgment at the end of trial).

was entered in favor of the plaintiff, not defendant who was seeking fees.  In *Arkla* neither party received an affirmative judgment.  In the present case Plaintiff failed to prove all the elements of its claim, a verdict was rendered in Defendant's favor, and judgment was entered for Defendant.  Under Oklahoma law, Defendant is the prevailing party.

Applying Oklahoma law, which the parties have agreed is applicable to this dispute, the undersigned finds that Defendant is the prevailing parties in this case and under the parties' agreement Defendant is entitled to an award of attorney fees.  There being no objection by Plaintiff to the number of hours sought, the hourly rates, or the amount of expenses sought, the undersigned recommends that Defendant be awarded the entire amount of its request.  The undersigned United States Magistrate Judge RECOMMENDS that the Post-Judgment Motion and Application of the Defendant, Riggs Contacting, Inc., For an Award of Attorney Fees and Expenses Against the Plaintiff, Ross Group Construction Corporation, [Dkt. 68], be GRANTED and that Defendant be awarded $114,120.82 in attorneys fees and expenses.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 8, 2013.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 26th of July, 2013.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE